### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

CAMILO LOAIZA CHACIN,

     Petitioner,

v.                                                                    Case No. 2:26-cv-2326-MSN-cgc

CHRISTOPHER BULLOCK,

     Respondent.

---

### ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner has filed a Petition for Writ of Habeas Corpus (ECF No. 2, "Petition"), challenging his continued detention.  The Petition requests immediate release or, alternatively, a bond hearing before an Immigration Judge.  (ECF No. 2 at PageID 13.)  On May 13, 2026, Petitioner filed an Emergency Motion for Immediate Ruling and Notice of Supplemental Authority (ECF No. 12) based on the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, -- F.4th --, 2026 WL 1283891 (6th Cir. May 11, 2026).  That same day, the Court ordered Respondent to file an expedited brief addressing whether Petitioner was entitled to relief based on *Lopez-Campos*.  (ECF No. 13.)  According to his brief, Respondent is evaluating whether to seek further appellate review of *Lopez-Campos*, but he acknowledges that *Lopez-Campos* is binding on this Court.  (ECF No. 15 at PageID 42–43.)  Respondent says that, subject to his reservation of all rights to appeal *Lopez-Campos*, the Court should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody.  (*Id.*)

*Lopez-Campos* found that some aliens, like Petitioner, who are present in the interior of the United States without being admitted or paroled, are properly detained under 8 U.S.C. § 1226(a),

which provides for a bond hearing pending the aliens' removal proceedings.  So although Petitioner requests immediate release, that is not the relief to which he is entitled under § 1226.

Accordingly, based on the Sixth Circuit's decision in *Lopez-Campos* and Respondent's agreement that it controls here, the Petition for Writ of Habeas Corpus (ECF No. 2) is **GRANTED IN PART**, and Respondent is **ORDERED** to give Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within **ten days of the date of this Order.**  The bond hearing should be conducted in accordance with the normal procedures that were applicable prior to the decision of the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025).  If a bond hearing is not held within 10 days of the date of this Order and Petitioner has not consented to an extension, then Petitioner shall be released from custody at that time.  A judgment will be entered accordingly.

**IT IS SO ORDERED**, this 21st day of May, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE